[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The amended complaint in this construction claim is in three counts: breach of contract, vexatious suit in violation of the contract, and fraud in support which no evidence was adduced.
The defendant's second revised counterclaim is in four counts: breach of contract, wrongful retainage by the plaintiff, additional work, labor and services beyond the contracted items, and failure to pay the balance due under the contract.
The contract in question was for the construction of an addition to the Town of Durham Public Library. The original contract was in the amount of $767,990.00 which was reduced through negotiation of the parties prior to commencement by $48,500.00 leaving an adjusted. contract price of $719,640.00.
There were a number of agreed to change orders and the parties agree that the adjusted contract price, change orders included, is $757,429.00. The parties also agreed that the unpaid balance under the contract is $13,805.00[1], although the town alleges that the payment requisition requesting this balance was not complete.
Actual work on the site commenced in July of 1996 and the town started using the facility at the end of November of 1997. A certificate of substantial compliance was issued on December 20, 1997, substantially beyond the 425 calendar days provided for in the contract for completion.
In late 1997 and early 1998, the facility experienced leaky roof problems. The contractor was notified of these problems and by April of 1998, the contractor was terminated by the town for its failure to complete performance of the contract. The town hired a roofer to repair the roof. The defendant does not dispute that the roof repair was CT Page 12127 necessary or that the charge made by the roofer was reasonable. The contractor alleges that it should have been permitted to complete the roof repair itself.
As to the plaintiffs second count, it alleges that the defendant filed a demand for arbitration which was dismissed after hearing. The town claims that the contract clearly contemplates that the arbitration provisions in the standard form of contract would be deleted, and, therefore, it is entitled to double or treble damages for vexatious suit pursuant to C.G.S. § 52-568. It is clear from reading the contract documents the arbitration provisions were to be deleted from the contract. Evidence was adduced to satisfy the court that the plaintiff incurred legal fees in excess of $6,650.00 to defeat this claim.
The claimed extras by the contractor primarily relate to excavation. It is the contractor's claim that the site contained rock which could not be removed by normal excavation. The town on the other hand claims that it was material which could have been and was excavated by conventional removal techniques. The town's own documents indicate that the "excavation" process took approximately two weeks longer than the expected period of time for excavation. The contractor alleges that the excavation project took months longer but the evidence does not support the contractor's claim. Furthermore, under the contract, the remedy for delay claim is to extend the time for performance. Contractor claims to be entitled to his overhead in excess of $1,300.00 a day during this period of time. Defendant admits that it was involved in four or five different projects during the time that the library was under construction. Although the contractor's daily overhead may have been $1,300.00 per day, it did not demonstrate during any relevant period of time what particular projects were working so that this overhead is not allocated to this particular project.
There was an agreed to change order which included some rock removal in the amount of $1,213.00. There is no other specific documentation submitted either by change order request or other specific request for payment during the performance of the contract to substantiate this claim. The defendant asserts it made oral requests and in November of 1996, wrote a letter reserving the right to assert the claim.
The contract required that excavation be performed by excavators having certain power ratings. There is no evidence that the excavating equipment used by the excavation subcontractor conform to these requirements. The contract also required that all changes be documented in a specific manner, including specifically that authorization be given before the excavated material be considered "rock" and paid at the higher contract CT Page 12128 rate.
FINDINGS
1. On the first count of the amended complaint, the court finds for the plaintiff. The defendant did not build the roof in a workman like manner. There were leaks requiring remediation. The court awards the plaintiff the sum of $5,600.00 on this count. There was not sufficient evidence from which the court could award incidental damages; i.e., loss of books and the like.
2. On the second count the court finds that the defendant, Chianelli Construction Company, did commence a proceeding to compel arbitration contrary to the clear provisions of the contract of the parties and, therefore, without probable cause. Nevertheless, a proceeding to compel arbitration pursuant C.G.S. § 52-410 is not a "civil action" and, therefore, plaintiff is not entitled to relief. Fishman v. MiddlesexMutual Assurance Co., 4 Conn. App. 339 (1985). Nunno v. Wixner,257 Conn. 671, 679-81 (2001).
3. On the third count of the plaintiffs amended complaint the court finds the issues for the defendant.
4. With respect to the second revised counterclaim: as to the first count the court finds that Chianelli Construction Company has not proven that it is entitled to damages under the contract between the parties entered into on May 20, 1996 beyond the change orders which were agreed to by the plaintiff and addressed in connection with the second and fourth count of the defendant's second revised counterclaim infra.
5. With respect to the second and fourth count of the defendant's revised counterclaim, the court awards the defendant $13,805.00 unpaid on the contract (which includes the agreed to change order with respect to rock excavation). Defendant is entitled to interest on this amount net of $5,600.00 awarded to the plaintiff because of the roof defects at the legal rate. Interest on the sum of $8,205.00 is awarded from April 3, 1998, the date that the town terminated its contract.
6. On the third count of the defendant's second revised counterclaim, the court finds the issues for the plaintiff. The defendant has not substantiated any claim for extras not reflected in the agreed to change orders in accordance with the terms of the contract.
7. The court has not awarded any delay damages to the defendant in accordance with the terms of the contract nor has the plaintiff CT Page 12129 substantiated any of its delay claims either by way of the claimed excess supervisory charges from the architect or wrongful deprivation of use of the library facility for a period of time.
Judgment will enter accordingly.
 ___________________ McLachlan, J.